UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN LANGLEY (#601017)

VERSUS                                                    CIVIL ACTION

JAMES LEBLANC, ET AL                                      NUMBER 14-325-SDD-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 24, 2015.

                                             /s/ Stephen C. Riedlinger
                                             STEPHEN C. RIEDLINGER
                                             UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

STEVEN LANGLEY (#601017)

VERSUS                                              CIVIL ACTION

JAMES LEBLANC, ET AL                                NUMBER 14-325-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Before the court is the defendants' Motion for Summary Judgment. Record document number 21. The motion is opposed.[1]

Defendants moved for summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedure (hereafter, "ARP") EHCC-2013-1106, EHCC-2013-1244, EHCC-2014-230 and EHCC-2014-276, true copies of which were previously filed in the record and were incorporated into the motion.

**I. Factual Allegations**

Pro se plaintiff, an inmate currently confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Elayn Hunt Correctional Center (hereafter "EHCC") Warden Seth Smith, Dy. Warden Hooper, Asst. Warden McKey and Col. Seals.[2] Plaintiff

---

[1] Record document number 25.

[2] According to the U.S. Marshal Process Receipt and Return, Form USM-285, service was not accepted on behalf of defendant Col.
(continued...)

alleged that: (1) between November 20, 2013 and April 25, 2014, he was confined in protective custody on an administrative lockdown unit and was not permitted outside of his cell for his daily one hour tier time;[3] (2) on April 12, 2014, he was assaulted by an unrestrained inmate after the inmate's cell was accidentally opened;[4] (3) between March 3 and 17, 2014 the unit supervisor failed to make daily rounds on Beaver Two Administrative Segregation Unit;[5] and, (4) on March 26 and 27, 2014, the unit supervisor failed to make daily rounds on Beaver Two Administrative

---

[2](...continued)
Seals because he retired and is no longer employed by the Department of Corrections. Record document number 14. Notice of the return was provided to the plaintiff on October 9, 2014. Nothing in the record indicates that the plaintiff has provided the U.S. Marshal with the additional information needed to serve this defendant, or has taken any other action to have this defendant served. Nor has the plaintiff sought additional time to serve this defendant. This defendant has not filed an answer or other responsive pleading, he has not otherwise made an appearance, and he did not participate in the defendants' Motion for Summary Judgment. *Id*. Moreover, the summary judgment evidence supports a finding that the plaintiff did not exhaust available administrative remedies regarding the claims against Col. Seals.

[3] Record document number 1, p. 5. Plaintiff attached copies of correspondence and requests for administrative remedies to his complaint form. The court has assumed that the claims raised in the administrative grievances, attached as exhibits to the complaint, are also claims raised in the complaint. This assumption is supported by correspondence filed by the plaintiff on June 9, 2014, record document number 8, in which the plaintiff asked the court to proceed with his claims even though his administrative grievance contained multiple complaints and was rejected by prison officials on that basis.

[4] *Id*. at 7.

[5] *Id*. at 15.

Segregation Unit.[6]

## II. Applicable Law and Analysis

### A. Standard of Review

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. Failure to Exhaust Administrative Remedies

Defendants argued that the plaintiff failed to exhaust

---

[6] *Id*. at 16.

available administrative remedies before filing suit regarding the claims raised in the Complaint against each of them.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending. *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires

exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

In accordance with the Adult Administrative Remedy Procedures, an inmate commences the process by writing a letter to the warden in which he briefly sets out the basis for his claim and the relief sought, his ARP. La. Admin. Code tit. 22, pt. I § 325(G)(1)(a). The request shall be screened by the ARP screening officer and a notice will be sent to the inmate advising that his request is being processed or is rejected. *Id*. A request may be rejected because "[t]he offender has requested a remedy for more than one incident (a multiple complaint)." § 325(I)(1)(g). An inmate may withdraw a formal grievance by submitting a "request (in writing) that the warden cancel the administrative remedy request."
§ 325(G)(1)(b).

When an ARP is accepted, the warden shall respond to the inmate within 40 days from the date the request is received at the first step. § 325(G)(1)(a). An inmate who is dissatisfied with the first step response may appeal to the secretary of the Department of Public Safety and Corrections by so indicating in the appropriate space on the response form and forwarding it to the ARP

screening officer within 5 days of receipt of the decision. § 325(G)(2)(a). A final decision will be made by the secretary and the inmate will be notified within 45 days of receipt. *Id*.

Under the Fifth Circuit's strict approach to the Prison Litigation Reform Act's exhaustion requirement, mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

The summary judgment evidence showed that on October 10, 2013, the plaintiff filed an ARP complaining that on August 3, 2013, he was approved for a transfer but two months had passed and he was not transferred.[7] The ARP was assigned as EHCC-2013-1106 and was received in the Warden's Office on October 11, 2013.[8] On October 26, 2013, the plaintiff sent a letter to prison officials withdrawing EHCC-2013-1106.[9]

On November 14, 2013, the plaintiff filed an ARP complaining that he discovered a white pill in his footlocker but a corrections officer did not believe him.[10] The ARP was assigned as EHCC-2013-

---

[7] Record document number 10-1, p. 3.

[8] *Id*. at 1.

[9] *Id*. at 4.

[10] Record document number 10-2, p. 4.

1244 and was received in the Warden's Office on November 15, 2013.[11] On December 13, 2013, the plaintiff sent a letter to prison officials withdrawing EHCC-2013-1244.[12]

On March 5, 2014, the plaintiff filed a three-part ARP complaining that (1) between January 1, 2014 and March 5, 2014, and other unspecified dates, he was not permitted outside of his cell for his daily one hour tier time, (2) he was improperly confined in administrative segregation when he should be confined in Closed Cell Restriction, and (3) he was denied access to his property while housed in administrative segregation.[13] The ARP was assigned as EHCC-2014-230 and was received in the Warden's Office on March 18, 2014.[14] On March 24, 2014, ARP EHCC-2014-230 was rejected because it contained multiple complaints.[15]

On March 30, 2014, the plaintiff filed an ARP complaining that between January 3, 2014 and March 30, 2014, he was not permitted outside of his cell for his daily one hour of tier time.[16] The ARP was assigned as EHCC-2014-276 and was received in the Warden's

---

[11] *Id.* at 1.

[12] *Id.* at 2.

[13] Record document number 10-3, pp. 3 - 5.

[14] *Id.* at 1.

[15] *Id.* at 1, 2.

[16] Record document number 10-4, p. 4.

7

Office on March 31, 2014.[17] On April 14, 2014, the plaintiff withdrew EHCC-2014-276.[18]

Plaintiff signed his Complaint on April 25, 2014 and it was filed on May 2, 2014. It is apparent on the face of the Complaint that there was insufficient time to exhaust available administrative remedies regarding the plaintiff's claims that he was attacked by a fellow inmate on April 12, 2014 (claim 2) and that supervisors failed to make daily rounds on the Beaver Two Administrative Segregation Unit (claims 3 and 4) before the plaintiff filed suit on May 2, 2014. Plaintiff conceded that although he filed an ARP complaining, in part, that he was not allowed daily tier time, the ARP was rejected by prison officials at the first step.[19]

It is clear that the plaintiff failed to exhaust available administrative remedies regarding the claims raised in the complaint prior to filing suit, as required by 42 U.S.C. § 1997e(a).

Plaintiff's complaint should be dismissed without prejudice for failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.

---

[17] *Id*. at 1.

[18] *Id*. at 3.

[19] Record document number 8.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the defendants' Motion for Summary Judgment be granted and the claims against them be dismissed for failure to state a claim, predicated on the plaintiff's failure to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a), and with prejudice to refiling the complaint in forma pauperis.[20] It is further recommended that the claims against defendant Col. Seals be dismissed pursuant to Rule 4(m), Fed.R.Civ.P., for failure to serve the defendant.

Baton Rouge, Louisiana, April 24, 2015.

*signature*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[20] *Underwood v. Wilson*, 151 F.3d at 296.